**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| BLOCKCHAIN CAPITAL LLC, | Civil Action No. 6:20-cv-01616 |
| Plaintiff; | |
| v. | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| BLOCKCHAIN CAPITAL MANAGEMENT LLC and FAREED IFTIKHAR, | |
| Defendants. | |

Plaintiff, Blockchain Capital, LLC ("Plaintiff") by counsel, files this complaint against Defendants, Blockchain Capital Management LLC and Fareed Iftikhar ("Defendants"), and hereby alleges as follows:

**Nature of The Action**

1.      This is an action for federal trademark infringement, false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; state and common law trademark infringement under the laws of Florida; and unfair competition against Defendants, Blockchain Capital Management LLC and Fareed Iftikhar.

**Parties**

2.      Plaintiff, Blockchain Capital, LLC, is a Delaware Limited Liability Company with offices at 440 Pacific Ave., San Francisco, California 94133.

3.      Upon information and belief, Defendant, Blockchain Capital Management LLC, is organized in Florida with offices at 1500 Heights Lane, Longwood FL 32750.

4.      Upon information and belief, Defendant, Fareed Iftikhar resides at 1500 Heights

Lane, Longwood FL 32750.

5.      Upon information and belief, Defendants have created or are in the process of creating or are otherwise providing financial services under the name "Blockchain Capital".

6.      Upon information and belief, Defendant Fareed Iftikhar is a Principal, agent and acts as the driving force behind Blockchain Capital Management LLC, who conducts business in the State of Florida and has knowingly directed the conduct of Blockchain Capital Management LLC to willfully violate Plaintiff's rights in BLOCKCHAIN CAPITAL.

## Jurisdiction and Venue

7.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 over the Lanham Act claims because the action alleges, *inter alia,* violations of federal statutes; and the Court has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over the state law claims because they arise out of the same nucleus of operative fact and are so related to the federal cause of action that they form the same case or controversy.

8.      Venue is proper in this judicial district under 28 U.S.C. § § 1391, 1400(b) because a substantial part of the events giving rise to the claims raised in the lawsuit occurred in this judicial district, and because Defendants conduct business in this district.

9.      Personal jurisdiction is proper in Florida because BLOCKCHAIN CAPITAL MANGEMENT, LLC is organized in Florida and Mr. Iftikhar is a resident of Florida.

## Background

12.     Plaintiff is the owner of BLOCKCHAIN CAPITAL and U.S. Trademark Reg. No. 5,816,914 and Plaintiff has the exclusive right to use BLOCKCHAIN CAPITAL in the venture capital and financial services industry, and more particularly related to the crypto and cryptography industry. Plaintiff is the leading venture capital and investment firm in the crypto

industry and is the oldest venture capital firm dedicated to emerging cryptography and cryptocurrency technologies. Plaintiff has been operating under the name "BLOCKCHAIN CAPITAL" for more than five years.  Plaintiff is the leader in the field and famous in the industry; notably, Plaintiff is an early investor in some of the industry's most prominent companies and organizations including Coinbase, Ethereum and Ripple.

13.    Plaintiff's BLOCKCHAIN CAPITAL has acquired secondary meaning and the U.S. Trademark Office, in Reg. No. 5,816,914, has recognized such secondary meaning and acquired distinctiveness, substantial press and recognition through granting of a registration with a claim to acquired distinctiveness.  The affidavits and evidence found in the file history of Reg. No. 5,816,914 which evidence such secondary meaning and acquired distinctiveness are incorporated by reference.

14.    Plaintiff's BLOCKCHAIN CAPITAL has had significant press coverage over the past five years in Forbes, Fortune, Bloomberg, CNBC, Harvard Business Review, Wired, Frazer Rice, Wall Street Journal Pro, CoinDesk, Axios, The PE Hub Network, Crypto Insider, Bitcoin Magazine, Business Times, Nasdaq, The Drum, Examiner, PitchBook, BankNxt, Market Wired, Venture Beat, etc., and in press releases on PR Newswire, MarketWire, BusinessWire and Nasdaq. Plaintiff's BLOCKCHAIN CAPITAL has been covered in interviews on major television networks such as CNBC, Bloomberg TV and Fortune.

15.    The principals of Plaintiff are famous in the industry with Jimmy Song, Brock Pierce and Spencer Bogart being listed as some of the most influential persons in the cryptography industry in numerous articles that name them aside BLOCKCHAIN CAPITAL.

16.    Plaintiff has continuously used its BLOCKCHAIN CAPITAL® trademark since use began and for more than five years and has expended considerable resources in promoting

and advertising its brand.

Defendants' Activities

17.     Defendants use "Blockchain Capital" in connection with their business at least because they are conducting business under a corporate entity whose name uses BLOCKCHAIN CAPITAL.

18.     Florida Secretary of State records indicate that Overseas Capital Group is a parent of Blockchain Capital Management LLC and the website of Overseas Capital Group indicates it has "several independently privately owned business units operating around the world." Thus, upon information and belief, Defendants are using BLOCKCHAIN CAPITAL in the financial services industry and sector in a manner which is likely to cause confusion with Plaintiff's BLOCKCHAIN CAPITAL.

19.     Plaintiff has sent Defendants letters requesting that BLOCKCHAIN CAPITAL MANGEMENT LLC change its name and that use of BLOCKCHAIN CAPITAL cease and such letters were sent by certified mail, return receipt requested and Mr. Iftikhar received the same and signed for the return receipt.

20.     Plaintiff has sent a number of reminders to Defendants after no response.  Most recently Defendants filed an annual report with the Florida Secretary of State without changing the name of their limited liability company and are continuing to use and do business as BLOCKCHAIN CAPITAL in willful violation of Plaintiff's rights.

21.     Defendants have not responded to any of Plaintiff's letters or reminders.

22.     Upon information and belief, the consumers of Plaintiff's and Defendants' services are similar including identical or similar types of investors and/or investments.

23.     Upon information and belief, individuals and companies who will view or are

4

likely to view and/or utilize both Plaintiff's and Defendants' services are similar or identical.

24.     Defendants have used "Blockchain Capital" and incorporated under that name in order to trade on the goodwill developed in Plaintiff's BLOCKCHAIN CAPITAL® and Defendants have used "Blockchain Capital" in order to trade off on the established goodwill of Plaintiff in BLOCKCHAIN CAPITAL®.

25.     Defendants' use of Plaintiff's brand is likely to cause confusion, mistake or deception among the public who will be confused, mistaken and deceived into believing that Defendants' services are endorsed by, are sponsored by, affiliated with, and/or authorized by Plaintiff.

26.     Upon information and belief, Defendants' use of Plaintiff's trademark has misappropriated and continues to misappropriate the goodwill that Plaintiff has built in its usage of the BLOCKCHAIN CAPITAL® mark.

27.     Upon information and belief, Defendants' activities have caused and continue to cause irreparable injury to Plaintiff's reputation and goodwill.

28.     Defendants' unlawful conduct has caused and will continue to cause irreparable damage to the BLOCKCHAIN CAPITAL® mark and the valuable brand and goodwill it so powerfully represents. Defendants' use of BLOCKCHAIN CAPITAL, if not enjoined by this court, will continue misleading the public and causing irreparable damage and harm to Plaintiff and the public, and will deprive Plaintiff of control over and exclusive rights to its immensely valuable brand and the goodwill it represents, and will undermine  the investment in time and money Plaintiff has made over many years in developing the BLOCKCHAIN CAPITAL® mark with the favorable and unique associations that distinguish the brand in the marketplace. Plaintiff has no adequate remedy at law.

29.     The intentional and willful nature of Defendants' unlawful acts renders this an exceptional case.

## COUNT I

30.     Plaintiff repeats and re-alleges the allegations contained in the prior paragraphs 1-29 of this Complaint and incorporates them herein by reference.

31.     Defendants' use of BLOCKCHAIN CAPITAL constitutes trademark infringement and gives rise to a likelihood of confusion, deception, and mistake among the public.

32.     Upon information and belief, Defendants adopted and used the BLOCKCHAIN CAPITAL name with the willful purpose and intent of misleading the public and trading upon the goodwill and reputation associated with Plaintiff's Registrations.

33.     These acts violate the United States Lanham Act and constitute infringement of Plaintiff's registered trademark, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 *et seq. , particularly,* Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114 (1)(a), prohibits the use in commerce, without the consent of the registrant, of any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

34.     As a result of Defendants' infringing activities, the public is likely to be and has already been confused, misled or deceived as to the source, origin or sponsorship of Defendants' services, and Plaintiff has suffered irreparable injury for which it has no adequate remedy at law.

35.     Upon information and belief, as a direct and proximate result of Defendants'

actions in misappropriating Plaintiff's trademark rights, Plaintiff will need to conduct a corrective advertising campaign to alleviate existing, ongoing and future confusion in the marketplace, in an amount to be determined.

## COUNT II

36.     Plaintiff repeats and re-alleges the allegations contained in the prior paragraphs 1-29 of this Complaint and incorporates them herein by reference.

37.     Defendants' use of the BLOCKCHAIN CAPITAL name constitutes offering for sale and selling services in interstate commerce using false and misleading descriptions and representations of fact, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.     Upon information and belief, Defendants adopted and used the BLOCKCHAIN CAPITAL trademark with the knowledge that it was misleading, and deceptive, and with the intent to compete unfairly with Plaintiff and to misappropriate the goodwill of Plaintiff and to convey that Plaintiff approved, condoned, endorsed, sponsored or was otherwise associated with Defendants by virtue of both using BLOCKCHAIN CAPITAL in similar channels of trade for similar goods and services as described previously.

39.     As a result of Defendants' activities, the public is likely to be confused, misled, or deceived about the sources of Defendants' services, and Plaintiff is now and will continue to suffer irreparable injury to its goodwill and reputation, for which it has no adequate remedy at law.

40.     Upon information and belief, as a direct and proximate result of Defendants' actions, Plaintiff will need to conduct a corrective advertising campaign to alleviate existing, ongoing and future confusion in the marketplace, in an amount to be determined.

## COUNT III

41.     Plaintiff repeats and re-alleges the allegations contained in the prior paragraphs 1-29 of this Complaint and incorporates them herein by reference.

42.     This claim is against Defendants for common law trademark infringement.

43.     In addition to the Federal Registration owned by Plaintiff, as set forth above, Plaintiff's BLOCKCHAIN CAPITAL® mark enjoys common law rights in Florida and throughout the United States.  These rights are senior and superior to any rights which Defendants may claim.

44.     Defendants' use of BLOCKCHAIN CAPITAL is intentionally designed to mimic Plaintiff's BLOCKCHAIN CAPITAL® mark so as to cause confusion regarding the source of Defendants' services in that purchasers thereof will be likely to associate or have associated such use and services with or as approved by Plaintiff, all to the detriment of Plaintiff.

45.     Defendants' infringement will continue unless enjoined by the Court.

46.     Upon information and belief, as a direct and proximate result of Defendants' actions in misappropriating Plaintiff's trademark rights, Plaintiff will need to conduct a corrective advertising campaign to alleviate existing, ongoing and future confusion in the marketplace, in an amount to be determined.

## COUNT IV

47.     Plaintiff repeats and re-alleges the allegations contained in the prior paragraphs 1-29 of this Complaint and incorporates them herein by reference.

48.     This is a cause of action for Unfair Competition.

49.     Defendants' acts complained herein amount to a bad faith misappropriation of the labor, skill, expenditures and proprietary property of Plaintiff.

50.     Defendants are doing business under BLOCKCHAIN CAPITAL without right to do so and in violation of Plaintiff's rights.

51.     At all times relevant to the Complaint, Defendants' conduct was intentional and purposely directed at Plaintiff and Defendants were intentionally palming off themselves as affiliated with Plaintiff by virtue of Defendants' use of Plaintiff's mark.

52.     Such conduct was done in bad faith and amounts to unfair actions by Defendants.

## **Request for Relief**

WHEREFORE, Plaintiff prays for judgment as follows:

A.     An order directing the Florida Secretary of State to dissolve BLOCKCHAIN CAPITAL MANAGEMENT LLC or remove BLOCKCHAIN CAPITAL from the name of said company.

B.     An order immediately and permanently enjoining Defendants, their officers, members, agents, servants, employees, attorneys, and all persons in active concert or participating with any of them, from:

      i.     advertising, marketing, promoting, selling or otherwise offering for sale any good or service under a name that is confusingly similar to Plaintiff's BLOCKCHAIN CAPITAL mark, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or using BLOCKCHAIN CAPITAL in media outlets or using BLOCKCHAIN CAPITAL as, or

within, a name of a company including termination of use of "Blockchain Capital Management LLC";

ii.     making or employing any other commercial use of Plaintiff's BLOCKCHAIN CAPITAL mark, any derivation or colorable imitation thereof, or any mark confusingly similar thereto including, but not limited to, use in or registration of domains using BLOCKCHAIN CAPITAL or any derivation or colorable imitation thereof;

iii.    using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' services or activities are in any way sponsored, licensed or authorized by, or affiliated or connected with, Plaintiff;

iv.     using BLOCKCHAIN CAPITAL as a keyword, metatag or hashtag or in any of its websites and/or domains;

v.      doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead marketers, advertisers, purchasers or consumers or investors into the belief that the products or services promoted, offered, or sponsored by Defendants come from Plaintiff, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiff;

vi.     otherwise competing unfairly with Plaintiff in any manner; and

vii.      assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs, or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in the previous sub paragraphs;

C.      That a judgment be entered that Defendants have infringed Plaintiff's mark in violation of 15 U.S.C. § 1114 and have damaged Plaintiff's goodwill.

D.      That a judgment be entered that Defendants have unfairly competed with Plaintiff by the acts complained of herein in violation of 15 U.S.C. § 1125(a).

E.      That a judgment be entered that the acts of Defendants constitute unfair competition and trademark infringement in violation of the common law of Florida.

F.      That Defendants be ordered to account and pay to Plaintiff all profits derived as a result of the activities complained of herein.

G.      That Defendants be ordered to transfer all domains containing "Blockchain Capital" or the equivalent or confusingly similar domain to Plaintiffs, including, without limitation, blockchain-capital.co.uk.

H.      That Defendants be ordered to pay Plaintiff's reasonable attorneys' fees and costs.

I.      That Defendants be ordered to pay actual, exemplary and compensatory damages.

J.      Disgorgement of profits, including investments or commitments Defendants have obtained in connection with any use of "Blockchain Capital".

K.      Such further relief as determined to be just and proper.

## Demand For a Jury Trial

In accordance with Federal Rules of Civil Procedure 38, Plaintiff hereby respectfully demands a trial by jury of all issues and claims so triable.

Dated:  September 2, 2020                         Respectfully submitted,

/s/Krishna Kalidindi/
Krishna Kalidindi (FL BAR # 82686)
ST ONGE STEWARD JOHNSTON & REENS

986 Bedford Street
Stamford, CT 06905

515 N. Flagler Drive, Suite P-300
West Palm Beach, FL 33401

Tel: 203-324-6155
Fax: 203-327-1096
Email: kkalidindi@ssjr.com;ligitation@ssjr.com

/s/Jonathan A. Winter/
Jonathan A. Winter *pro hac vice to be filed*
ST ONGE STEWARD JOHNSTON & REENS
986 Bedford Street
Stamford, CT 06905
Tel: 203-324-6155
Fax: 203-327-1096
Email: jwinter@ssjr.com; ligitation@ssjr.com

Attorneys for Plaintiff